# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-11-126-R |
| | ) | CIV-15-1314-R |
| TRAVONN LEON BURTONS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Travonn Leon Burtons' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In support of his motion, Defendant argues that his sentence enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(g), must be corrected because his predicate assault and battery conviction was deemed a violent felony under the ACCA residual clause. The United States Supreme Court struck the ACCA residual clause as unconstitutionally vague in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2552 (2015). Defendant argues that the decision in *Johnson* is a new rule of substantive law which applies retroactively to his § 2255 motion. The Government in response asserts that Defendant's prior conviction for assault and battery with a deadly weapon is a violent felony under 18 U.S.C. § 924(e)(2)(B)(1) because under Oklahoma law, that offense includes "as an element the use, attempted use, or threatened use of physical force against the person of another." The Government concludes that since Defendant's conviction for assault and battery with a deadly weapon stands on application of the "force clause" of the ACCA, rather than the

residual clause, Defendant's reliance on the *Johnson* decision "is of no consequence." Government's Response [Doc. No. 106] at p. 8.

After Defendant filed his § 2255 motion *pro se* raising the *Johnson* issue, the Court appointed the office of the Federal Public Defender for the Western District of Oklahoma to represent Defendant. *See* Doc. No. 103. The Public Defender filed a reply to the Government's response. Doc. No. 110. In the reply, the Public Defender first argues that the *Johnson* decision applies retroactively to Defendant's first § 2255 motion[1] because it is a new rule of substantive law, citing *Schriho v. Summerlin*, 542 U.S. 248, 251 (2004) and *United States v. Chang Hong*, 671 F.3d 1147, 1157-58 (10th Cir. 2011). It is new, counsel argues, because in *Johnson* the Court expressly overruled two prior decisions affirming sentences under the residual clause. In this regard, Defendant points out that the Tenth Circuit has expressly held that *Johnson* announced a new rule of constitutional law citing *In re Gieswein*, 802 F.3d 1143, 1146 (10th Cir. 2015). It is "substantive," Defendant argues, because it both narrows the class of persons that the law can punish as Armed Career Criminals and it prohibits a certain category of punishment for a class of defendants because of their status or offense. Defendant cites *Schriho*, 542 U.S. at 351-52 and *O'Dell v. Netherland*, 521 U.S. 151, 156 (1997) to respectively support these rationales. Defendant also cites a host of cases from other circuits which have held that the Supreme Court's prior decisions narrowing the scope of the ACCA are

---

[1] Defendant asserts that this is not a second or successive § 2255 motion because this motion is directed to the judgment entered on October 1, 2013, whereas Defendant's previous § 2255 motion was directed to the judgment entered February 14, 2012. The Court agrees with Defendant that this is not a second or successive § 2255 motion but questions why Defendant somewhat inconsistently argues that *Johnson* is retroactively applicable to his prior § 2255 motion.

substantive decisions that apply retroactively to cases in collateral review. Defendant nevertheless acknowledges that the Supreme Court has not expressly made *Johnson* retroactive to cases on collateral review, *citing In re Gieswein*, 802 F.3d at 1149 (a successive Section 2255 motion). However, *citing United States v. Chang Hong*, 671 F.3d 1147, 1156 n. 10 (10th Cir. 2011), Defendant asserts that the Court need not wait for the Supreme Court to rule that *Johnson* is retroactively applicable but may decide in the first instance that *Johnson* is retroactive.[2]

The remainder of Defendant's argument is directed to establishing that Defendant does not have three prior convictions that qualify as predicate ACCA offenses. In this regard, Defendant argues that his conviction for aggravated eluding a police officer does not qualify as a violent felony under the ACCA force clause because the offense as defined in Okla. Stat. tit. 21, § 540(A) does not have as an element "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Moreover, he points out that the Tenth Circuit in *United States v. Snyder*, 793 F.3d 1241, 1245-46 (2015) concluded that a conviction for attempted aggravated eluding could not be used for ACCA enhancement purposes. Secondly, Defendant argues that his conviction for assault and battery with a deadly weapon does not qualify as a violent felony under the ACCA force clause. Citing the definition of Assault and Battery with a Deadly Weapon in Okla. Stat. tit. 21, § 652(c) and the statutory definitions of "assault" and "battery," Okla. Stat. tit. 21 § 641 and Okla. Stat. tit.

---

[2] The United States Supreme Court has granted a petition for a writ of certiorari on the issue of whether *Johnson v. United States*, 135 S.Ct. 2551 (2015) announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review. *See Welch v. United States*, No. 15-6416, 2016 WL 90594 (Jan. 8. 2016).

21, § 642, Defendant argues that battery does not require violent physical force as required by *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010)("the phrase 'physical force' means <u>violent</u> – that is, force capable of causing physical pain or injury to another person."). Defendant points out that the Oklahoma Court of Criminal Appeals has held that "only the slightest touching is necessary to constitute the 'force or violence' element of battery." *Steel v. State*, 778 P.2d 929, 931 (Okla. Crim. App. 1989). He further points out that the uniform instruction for assault and battery offenses defines force as "any touching of a person regardless of how slight may be sufficient to constitute force. Such touching may be brought about directly or indirectly by the defendant." OUJI CR 4-28. Defendant concludes that under Oklahoma law, assault and battery includes conduct outside the scope of "violent physical force" required by 18 U.S.C. § 924(e)(2)(B)(i) and *Curtis Johnson*. Defendant further argues that the inclusion of the "deadly weapon" does not render the offense violent within the meaning of the ACCA because Assault and Battery with a Deadly Weapon does not require an intent to injury and the version of the statute in effect at the time of Defendant's offense also did not require an intent to kill, *citing Goree v. State*, 163 P.3d 583, 584 (Okla. Crim. App. 2007). Defendant concludes that all the statute defining assault and battery with a deadly weapon requires is that an assault and battery, which can be committed without the requisite force necessary under *Curtis Johnson*, be completed with an object that could cause death or bodily injury. Defendant further concludes that under the categorical approach, Okla. Stat tit. 21, § 652(c) is not a crime of violence because it encompasses behavior outside the scope of Section 924(e)(2)(B)(i).

However, in the event the Court applies the modified categorical approach, Defendant acknowledges that the Court can look at the Judgment and Sentence and Plea of Guilty/Summary of Facts for Assault and Battery with a Deadly Weapon. In those documents, which Defendant has produced, Defendant admitted to knowingly pointing a gun at two individuals. Defendant asserts that the admission does not include the requisite "use, attempted use or threatened use of force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), because the conduct admitted does not indicate the mental state or purpose of pointing the gun. Accordingly, Defendant concludes that his conviction for assault and battery with a deadly weapon does not qualify as a predicate conviction under the ACCA, leaving insufficient predicate convictions to support his sentence under the ACCA and entitling him to relief pursuant to 28 U.S.C. § 2255(a).

The Court first declines Defendant's invitation to determine whether the *Johnson* decision is retroactively applicable on collateral review absent a decision by the United States Supreme Court expressly so holding. However, in the alternative, assuming without deciding that the *Johnson* decision is retroactively applicable on collateral review, the Court examines Defendant's conviction for assault and battery with a deadly weapon.

The statute defining the offense of Assault and Battery with a Deadly Weapon provides as follows:

> Any person who commits any assault and battery upon another by means of any deadly weapon, or by such other means or force as is likely to produce death, or in any manner attempts to kill another, or in resisting the execution of any legal process, shall upon conviction be punished by imprisonment in the State Penitentiary not exceeding twenty (20) years.

Okla. Stat. tit. 21, § 652(C).

The statute on its face "sets out one or more elements of the offense in the alternative" and is, accordingly, a divisible statute. *Descamp v. United States*, 133 S.Ct. 2276, 2281 (2013). Accordingly, the Court applies a "modified categorical approach" which permits the Court to consult a limited class of documents "to determine which alternative formed the basis of the defendant's prior conviction and thereafter compare the elements of the crime of conviction . . . with the elements of the generic offense." *Id.* Under the modified categorical approach, the Court is limited to reviewing the statutory definition, charging documents, written plea agreements, transcripts of plea colloquies and explicit factual findings by the trial judge. *See Shepard v. United States*, 544 U.S. 13, 16 (2005).

The Judgment and Sentence from state court (Exhibit "1" to Reply Brief) indicates that Defendant pled guilty to two counts of assault and battery with a deadly weapon in violation of Okla. Stat. tit. 21, § 652(C). The Plea of Guilty/Summary of Facts (Exhibit "2" to Reply Brief) reveals that Defendant pointed a gun at two individuals. The term "assault and battery" is not defined in the Oklahoma Statutes, but "assault" and "battery" are separately defined. An assault is defined as "any willful and unlawful attempt or offer with force or violence to do corporal hurt to another." Okla. Stat. tit. 21, § 641. Battery is defined as "any willful and unlawful use of force or violence upon the person of another." Okla. Stat. tit. 21, § 642. Assault as defined by the Oklahoma Statutes contemplates physical force or violence in an attempt or offer, or "force capable of causing physical pain or injury to another person." *Curtis Johnson v. United States*, 559

U.S. at 140. Likewise, a battery requires an intentional use of force or violence against another person; however, the force required for a battery is not required to be capable of causing physical pain or injury to another person. *See id.* But "deadly weapon" is defined in the Oklahoma Uniform Jury Instructions as "[a]ny instrument designed or constructed to cause death or great bodily harm." OUJI CR 4-28. Clearly then, assault and/or battery with or "by means of" a deadly weapon involves "force capable of causing physical pain or injury to another person," *id*., and assault and/or battery with a deadly weapon includes as "an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). If the Court looks at the factual basis for Defendant's convictions for assault and battery with a deadly weapon, the same result obtains. Pointing a gun at another person involves "the use of force capable of causing pain or injury to another person" and "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Accord, United States v. Ramon Silva*, 608 F.3d 663, 670 (10th Cir. 2010)(aggravated assault under New Mexico law includes as an element the threatened use of "force capable of causing physical pain or injury to another person.").

Because Defendant's conviction for assault and battery with a deadly weapon falls within the force clause of the ACCA and Defendant has two other convictions which support application of the ACCA, those being for possession of a controlled substance with intent to distribute (cocaine and marijuana) and distribution of a controlled

dangerous substance (cocaine base), ³ Defendant is not entitled to relief even if *Johnson* were retroactively applicable.

In accordance with the foregoing, Defendant's motion to vacate, set aside or correct his sentence is DENIED.

IT IS SO ORDERED this 1ˢᵗ day of March, 2016.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

³ The Court agrees with Defendant that his conviction for Aggravated Eluding a Police Officer does not qualify as a prior conviction under the ACCA.